UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| LINDA RAPSEY<br><br>  Plaintiffs,<br><br>vs.<br><br>CONN APPLIANCES INC.<br><br>  Defendant. | ) Case No.:<br>)<br>)<br>)<br>)<br>) COMPLAINT<br>)<br>)<br>)<br>)<br>) |

Plaintiff Linda Rapsey (hereinafter "Plaintiff"), on behalf of herself by and through her undersigned attorney, allege against the Defendant, Conn Appliances Inc. (hereinafter "Defendant") as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act.

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Dallas, Texas, 75229.

5. Defendant is a corporation incorporated in and doing business in the State of Texas, with its corporate address as 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381.

## FACTUAL STATEMENT

6. Plaintiff's husband Richard Rapsey made a purchase from Defendant on June 21, 2015.

7. At some point in time thereafter, Mr. Rapsey fell behind on his payments on the account to Defendant.

8. Plaintiff never provided her cellular telephone number to Defendant or made any purchases from Defendant.

9. On or about May 5, 2016, Defendant began placing automated telephone calls to Plaintiff to collect on the alleged outstanding balance owed by Mr. Rapsey.

10. On May 7, 2016, Plaintiff spoke with a representative of Defendant and asked for the telephone calls to her phone number to cease.

11. In spite of Plaintiff's request, Defendant continued making automated telephone calls to her cellular telephone.

12. As the telephone calls continued, on May 10, 2016, Plaintiff spoke with a representative of Defendant and asked for the telephone calls to her phone number to cease.

13. In spite of Plaintiff's request, Defendant continued making automated telephone calls to her cellular telephone.

14. On May 13, 2016, Plaintiff called Defendant yet again and asked for the telephone calls to her phone number to cease.

15. In spite of Plaintiff's request, Defendant continued making automated telephone calls to her cellular telephone.

16. On May 20, 2016, Plaintiff called Defendant yet again and asked for the fourth time for telephone calls to her phone number to cease.

17. In total, Plaintiff received a minimum of eighty-seven telephone calls from Defendant without her consent on the following dates:

   a. 3 calls on 5/8/2016
   b. 3 calls on 5/9/2016
   c. 2 calls on 5/10/2016
   d. 10 calls on 5/11/2016
   e. 9 calls on 5/12/2016
   f. 6 calls on 5/13/2016
   g. 7 calls on 5/14/2016
   h. 2 calls on 5/15/2016
   i. 10 calls on 5/16/2016
   j. 8 calls on 5/17/2016
   k. 8 calls on 5/18/2016
   l. 12 calls on 5/19/2016
   m. 7 calls on 5/20/2016

18. The telephone calls made by Defendant to Plaintiff were made from the following phone numbers: (214) 377-1270, (214) 377-1272, (214) 377-1278, (214) 377-1279, (214) 377-1271, (800) 511-5750, (469) 342-0310, (214) 377-1273, (214) 377-1277, (972) 646-2028, (972) 646-2029, (972) 646-2030, (972) 646-6063, (972) 755-1002, (972) 755-1059.

19. All of the telephone numbers set forth in the preceding paragraph belong to Defendant.

20. All of Defendant's telephone calls to Plaintiff were made to Plaintiff's cellular telephone number 469-xxx-6864.

21. Upon information and belief, all of the telephone calls identified above were placed to Plaintiff's cellular telephone number using an automated telephone dialing system.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

22. Plaintiff repeats the allegations contained in paragraphs 1 through 21 and incorporates them as if set forth at length herein.

23. All telephone calls to Plaintiff from Defendant were done utilizing an automated dialer.

24. Defendant did not have Plaintiff's consent to make the telephone calls as any consent that may have existed was revoked on May 7, 2016.

25. Defendant's actions constitute violations of 47 U.S.C. § 227(b)(1)(A)(iii), to which their falls no exemption to their behavior.

## JURY TRIAL DEMAND

26. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the Defendant, and on behalf of the Plaintiffs, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA;

b. That judgment be entered in favor of Plaintiff against Defendant for (87) separate and distinct violations of 47 U.S.C. § 227b(1)(A)(iii);

c. That the Court award treble damages to Plaintiff for each violation of the TCPA the Court deems willful;

d. That the Court grant such other and further relief as may be just and proper.

Dated this 1st day of December 2016:

        Respectfully Submitted,

        _____
        Seth Crosland
        2404 Roosevelt Drive
        Arlington, Texas 76016
        Phone: 817-841-9906
        Email: seth@brandyaustinlaw.com
        Attorney for Plaintiff

        Of Counsel to the Firm:
        Law Offices of Michael Lupolover P.C.
        120 Sylvan Avenue, Suite 300
        Englewood Cliffs, NJ 07632